## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI, individually
and on behalf of all others similarly
situated,

            Plaintiff,

v.

TONY PACKO'S TOLEDO, LLC,

            Defendant.

Case No.  2:25-cv-13117

Judge Robert J. White

Magistrate Judge Anthony Patti

---

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

---

Defendant Tony Packo's Toledo, LLC ("Defendant" or "Tony Packo's") respectfully requests that this Court dismiss Plaintiff Mark W. Dobronski's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and in support thereof, incorporates the accompanying Brief.

## L.R 7.1 STATEMENT OF CONFERRAL

Pursuant to Local Rule 7.1, there was a telephonic conference on November 19, 2025 between attorneys Andrew Perrong for Plaintiff and Jennifer Weller for Defendant in which Defendant explained the nature of the Motion to Dismiss and its legal basis.  Plaintiff does not concur in the relief sought.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARK W. DOBRONSKI, individually
and on behalf of all others similarly
situated,

           Plaintiff,

v.

TONY PACKO'S TOLEDO, LLC,

          Defendant.

Case No.  2:25-cv-13117

Judge Robert J. White

Magistrate Judge Anthony Patti

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

## ISSUES PRESENTED

1.    Whether Plaintiff has standing to bring a claim under 47 U.S.C. §227(c)(5)?

Plaintiff's answer: "Yes"

Defendant's answer: "No"

2.    Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.?

Plaintiff's answer: "Yes"

Defendant's answer: "No"

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ..................................................................................................1

ALLEGATIONS RELATING TO 2300 NUMBER ................................................2

COMPLAINT ......................................................................................................4

LEGAL STANDARD............................................................................................5

ARGUMENT .......................................................................................................7

    A.    Dobronski lacks standing to bring a claim under 47 U.S.C. §227(c)(5)..................................................................................7

    B.    Alternatively, Dobronski does not plausibly state a claim for relief based on the text messages at issue. ..........................10

        1.    A text message is not a telephone call under the TCPA...........11

        2.    A cellular telephone subscriber is not a residential telephone subscriber under the TCPA. ....................................16

    C.    There is no private right of action under 47 C.F.R. §64.1601(e)(1).....................................................................19

1093124\327041376.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009)....................................................................7

*BedRoc Ltd., LLC v. United States*,
  541 U.S. 176 (2004)..........................................................................................14

*Bell Atlantic Corp. v. Twombly*,
  127 S. Ct. 1955 (2007)....................................................................................6, 7

*Cartwright v. Garner*,
  751 F.3d 752 (6th Cir. 2014) ...............................................................................6

*Davis v. CVS Pharm., Inc*.,
  No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366
  (N.D.Fla. Aug, 26, 2025)..............................................................................11, 15

*Dobronski v. Fam. First Life, LLC*,
  No. 2:22-CV-12039, 2024 U.S. Dist. LEXIS 27096 (E.D. Mich.
  Jan. 19, 2024)...................................................................................................19

*Dobronski v. Juliasangel Mktg., LLC*,
  2:24-CV-12379-TGB-APP, 2025 U.S.Dist. LEXIS 182595
  (E.D.Mich. Sept. 17, 2025).................................................................................19

*Dobronski v. SunPath Ltd*.,
  No. 19-cv-13094, 2020 U.S.Dist. LEXIS 251990 (E.D. Mich. July
  27, 2020) .........................................................................................................19

*Dobronski v. Tobias & Assocs*.,
  No. 23-cv-10331, 2023 U.S. Dist. LEXIS 193553 (E.D. Mich.
  Sept. 25, 2023)..................................................................................................19

1093124\327041376.v1

*Dobronski v. Total Ins. Brokers LLC*,
    No. 21-cv-10035, 2021 U.S.Dist.LEXIS 186528 (E.D. Mich. 2021) ...............19

*Dobronski v. Transamerica Life Ins. Co*.,
    No. 360506 (Mich. Ct. App. May 25, 2023) ......................................................19

*El Sayed v. Naturopathica Holistic Health, Inc*.,
    No. 8:25-cv-00846-SDM-CPT, 2025 U.S.Dist. LEXIS 209469
    (M.D.Fla. Oct. 24, 2025) .............................................................................11, 15

*Ferguson v. Neighborhood Housing Services, Inc*.,
    780 F.2d 549 (6th Cir. 1986) .............................................................................10

*Hamdan v. Rumsfeld*,
    548 U.S. 557 (2006), *superseded by statute on other grounds* .........................18

*Jones v. Blackstone Med. Servs., LLC*,
    No. Case No. 1:24-cv-01074-JEH-RLH, 2025 U.S.Dist. LEXIS
    138371 (C.D.Ill. July 21, 2025), *appeal filed,* No. 25-2398 (7th
    Cir. Aug. 12, 2025) ...............................................................................11, 12, 14

*Loper Bright Enters. v. Raimondo*,
    603 U.S. 369 (2024) ....................................................................................12, 15

*McLaughlin Chiropractic Assocs. v. McKesson Corp.*,
    606 U.S. 146 (2025) ............................................................................12, 13, 15

*Perrin v. U.S.*,
    444 U.S. 37 (1979) .............................................................................................13

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act
of 1991*,
    18 F.C.C.R. 14014 (2003) ...........................................................................12, 16

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of
1991*,
    27 FCC Rcd. 1830 (2012) ..................................................................................12

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of
1991*,
    30 FCC Rcd. 7961 (2015) ..................................................................................12

1093124\327041376.v1

*In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*,
    31 FCC Rcd. 9074 (2016) ................................................................. 12

*In the Matter of Rules & Reguls. Implementing the Tel. ConsumerProt. Act of 1991*,
    Report and Order, 7 F.C.C. Rcd. 8752 (1992) .................................... 19

*Russello v. United States*,
    464 U.S. 16 (1983) ........................................................................... 18

*Sandifer v. U.S. Steel Corp.*,
    571 U.S. 220 (2014) ......................................................................... 13

*Shelton v. Target Advance LLC*,
    No. 18-2070, 2019 U.S.Dist. LEXIS 64713 (E.D.Pa. April 16, 2019) .............................................................................................. 9

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) ........................................ 5

*Spurr v. Pope*,
    936 F.3d 478 (6th Cir. 2019) .......................................................... 12

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ...................................................................... 5, 6

*Worsham v. Disc. Power, Inc.*,
    Civil Action No. RDB-20-0008, 2021 U.S.Dist. LEXIS 141842 (D.Md. July 29, 2021) .................................................................... 19

*Worsham v. Disc. Power, Inc.*,
    No. RDB-20-0008, 2021 U.S. Dist. LEXIS 1931 (D.Md. Jan. 6, 2021) ............................................................................................ 8, 9

*Worsham v. Travel Options, Inc.*,
    JKB-14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016), *aff'd* 678 Fed. Appx. 165 (4th Cir. 2017) ......................................................... 19

## Statutes

28 U.S.C. § 2241 ................................................................................... 18

iv

1093124\327041376.v1

47 U.S.C. §227(b)(1)(A)(i) ............................................................................2, 3

47 U.S.C. §227(b)(1)(A)(iii) .....................................................................3, 17,18

47 U.S.C. § 227(b)(1)(B) .........................................................................17, 18

47 U.S.C. § 227(c)(3) ...................................................................................17

47 U.S.C. §227(c)(5) ..............................................................................*passim*

47 U.S.C. §227(d) ..................................................................................19, 20

**Other Authorities**

47 C.F.R. §64.1200 ........................................................................................5

47 C.F.R. §64.1200(c) ...........................................................................4, 7, 17

47 C.F.R. §64.1200(c)(2) ...............................................................................16

47 C.F.R. §64.1601(e)(1) .................................................................2, 5, 18, 19

**Rules**

Rule 12(b)(1) ............................................................................................5, 6

Rule 12(b)(6) ............................................................................................2, 6

1093124\327041376.v1

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Defendant relies on the authorities cited in its Memorandum in Support, including, without limitation, the following cases: *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007); *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024); *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025). Defendant also relies on the following rules and statutory authority: Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6); Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

## INTRODUCTION

Plaintiff filed a two-count Complaint wherein he contends in both counts that Defendant violated the Telephone Consumer Protection Act ("TCPA") §227(c) because Defendant allegedly sent at least three text messages to him on a telephone number which he says has been registered on the National Do Not Call Registry ("NDNCR") since 2003.

A business telephone number cannot be validly registered on the NDNCR.

https://consumer.ftc.gov/national-do-not-call-registry-faqs#what_doesn't_do[1]

Moreover, TCPA §227(c) only applies to calls made to residential landlines. Although Plaintiff redacted his phone number in his Complaint, the number at issue in this lawsuit is 734-641-2300 ("2300 number").  (A copy  of the Declaration of Lindsey Bond is attached hereto as Exhibit A).  While Dobronski contends that he uses the 2300 number as a residential, non-commercial number, which he says has been registered on the NDNCR since 2003, (Compl., ¶¶19,23), Dobronski has filed other lawsuits alleging that the 2300 number was an emergency number assigned to Adrian & Blissfield Rail Road Company ("ADBF").  *See Adrian & Blissfield Rail Road Company v. Provision Power and Gas, LLC*, Case No. 4:19-cv-13423-MFL-DRG; *Mark W. Dobronski v. Keroles*

---

[1] *See also* FCC Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."("In addition, we declined to permit businesses to register their numbers on the national do-not-call registry, despite the requests of numerous small business owners to do so. The TCPA expressly contemplates that a national do-not-call database includes residential telephone subscribers' numbers.")

1093124/327041376.v1

*Enterprises LLC*, Case No. 4:20-cv-12639-SDK-KGA attached as Group Exhibit B.  The phone number can also be found on various websites which refer to it as a phone number associated with Adrian & Blissfield Railroad Company and/or Teletech Railtech.[2]   www.bbb.org/us/mi/westland/profile/telephones/teletech-railtech-0372-90001479;https://www.yelp.com/biz/teletech-westland; https://www.michigan-drunk-driving.com/content/adrian-blissfield-railroad-police.

As such, Dobronski lacks standing to assert a claim under TCPA §227(c) because the 2300 number was/is a business number that could not have been eligible for registration on the NDNCR since 2003.

Alternatively, Dobronski's Complaint should be dismissed pursuant to Rule 12(b)(6). Both Counts must be dismissed because Congress did not intend for TCPA §227(c)(5) to apply to text messages.  Count II fails for an additional reason because there is no private right of action under §64.1601(e)(1).

## <u>ALLEGATIONS RELATING TO 2300 NUMBER</u>

In *Adrian & Blissfield Rail Road Company v. Provision Power and Gas, LLC*, Case No. 4:19-cv-13423-MFL-DRG, Dobronski signed a Verified Complaint alleging:

> 15.   Plaintiff's [Adrian & Blissfield Rail Road Company] telephone number 734-641-2300 is an emergency telephone line used for contacting Plaintiff's police department.  As such, Plaintiff's telephone number falls within the proscriptions of 47 U.S.C. §227(b)(1)(A)(i).

---

[2] This company also is known by Teletech, Inc. and Railtech, LLC.

2

16.     Plaintiff's telephone number 734-641-2300 is the telephone number assigned to Plaintiff's specialized mobile radio service and Plaintiff's paging service.  As such, Plaintiff's telephone number falls within the proscriptions of 47 U.S.C. §227(b)(1)(A)(iii).

In 2020 Dobronski filed another lawsuit about calls to the 2300 number, however, in that case he filed it on behalf of himself.  In *Mark W. Dobronski v. Keroles Enterprises LLC*, Case No. 4:20-cv-12639-SDK-KGA, he alleged:

26.     ADBF's telephone number 734-641-2300 is an emergency telephone line used for contacting ADBF's police department. As such, ADBF's telephone number 734-641-2300 falls within the proscriptions of 47 U.S.C. § 227(b)(1)(A)(i).

27.     ADBF's telephone number 734-641-2300 is the telephone number assigned to ADBF's specialized mobile radio service and ADBF's paging service. As such, ADBF's telephone number 734-641-2300 falls within the proscriptions of 47 U.S.C. § 227(b)(l)(A)(iii).

In the case against Keroles, Dobronski contended that he was the "subscriber and/or a customary  user of each of the called telephone lines" and because he received the calls he had standing.  (*Id*. at ¶30).  He further claimed he suffered injury including, "the tieing up of Plaintiff's business telephone lines, thereby blocking legitimate callers from being able to get through and engage in essential communications with Plaintiff, including emergency calls…" (*Id*. at ¶43).

47.     On April 1, 2020, during the COVID-19 national emergency, Plaintiff was working from his home office overseeing the ADBF rail operations.

48.     On April 1, 2020, at 4:39 P.M., all four (4) of ADBF's incoming telephone lines (telephone number 734-641-2300) began to ring simultaneously.

1093124/327041376.v1

## ALLEGATIONS IN COMPLAINT

Notwithstanding the fact that Dobronski has made judicial admissions that the number 734-641-2300 was used as an emergency telephone line by the business Adrian & Blissfield Rail Road Company in 2018 and 2020, he now claims that the number is a "residential, non-commercial telephone number" (Compl., ¶19) and is "assigned to a cellular service" as follows:

> 22.    Moreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

> 23.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since 2003.

He claims the Defendant allegedly violated the TCPA by sending him at least three "telemarketing text messages" on May 27, July 10, July 17 and September 12, 2025.  (Compl., ¶24).  Plaintiff alleges that he "never provided his consent or requested the calls."  (Compl., ¶37).

Plaintiff alleges that Defendant violated 47 C.F.R. §64.1200(c) "by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry."  (Compl., ¶53).   He acknowledges that the DNC Registry "is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government." (Compl., ¶53).  He alleges "Defendant violated §227(c)(5) because it delivered, or

4

caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. §64.1200." (Compl., ¶54). He further claims Defendant allegedly violated 47 C.F.R. §64.1601(e)(1) "by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier." (Compl., ¶59).[3]

## **LEGAL STANDARD**

### **Rule 12(b)(1)**

As the party invoking the court's jurisdiction, the plaintiff bears the burden of establishing the elements of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016). In order to demonstrate a stake in the litigation, "plaintiffs must be able to sufficiently answer the question: 'What's it to you?'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing Scalia, The Doctrine of Standing as an Essential Element of the Separation of Powers, 17 Suffolk U. L. Rev. 881, 882 (1983)). In order to demonstrate standing Plaintiffs must show "(i) that [they] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and

---

[3] These claims are nothing new for Plaintiff. Plaintiff has filed over 80 lawsuits that were either removed to or filed in the Eastern District of Michigan under the TCPA. In those suits he has alleged the receipt of calls or text messages to over fifteen different telephone numbers.

(iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560-561, (1992)).

A Rule 12(b)(1) motion can be brought as a facial attack or a factual attack. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id*. at 759-760, *citing United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Id.* at 760, *citing DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

### **Rule 12(b)(6)**

A plaintiff is obligated to provide the "grounds" of her "entitle[ment] to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id*. The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

1093124\327041376.v1

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail to indicate that the plaintiff has a substantial case." *Id.* In determining "plausibility", the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950 ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'").

## **ARGUMENT**

### A.  **Dobronski lacks standing to bring a claim under 47 U.S.C. §227(c)(5)**

Plaintiff attempts to assert a private cause of action under TCPA §227(c)(5), but he lacks Article III standing to assert any claim under TCPA §227(c)(5). Plaintiff claims that Defendant's four alleged text messages violated the TCPA's Do Not Call provisions under TCPA §227(c) and the corresponding regulation under 47 C.F.R. §64.1200(c).

47 U.S.C. §227(c)(5) provides:

(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection

7

may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

47 C.F.R. §64.1200(c)(2) provides:

No person or entity shall initiate any telephone solicitation to:

**(2)**    A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator…

Thus in order to bring a private right of action based on TCPA §227(c)(5), plaintiff must have received a call at a residential number on the registry.  *See Worsham v. Disc. Power, Inc*., No. RDB-20-0008, 2021 U.S. Dist. LEXIS 1931, *11-12 (D.Md. Jan. 6, 2021).

Business phone numbers cannot be validly registered on the NDNCR.  The FTC's frequently asked questions page states:

Q:    Can I register my business phone number or a fax number?

A:    The Registry is for personal phone numbers. Business phone numbers and fax lines are not covered.

https://consumer.ftc.gov/national-do-not-call-registry-faqs#what_doesn't_do.

The 2300 number could not have been validly registered to the NDNCR continuously "since 2003" because Dobronski has made judicial admissions that in 2018 and 2020 the 2300 number was ADBR's business number and that the number was "an emergency telephone line."  ADBR is not a home-based business.

On the contrary, Dobronski's verified allegations state that "ADRIAN & BLISSFIELD RAIL ROAD COMPANY ("Railroad"), is a railroad company organized and existing under the laws of the State of Michigan, which is engaged in interstate commerce as a Class III railroad common carrier, with its principal business office located in the City of Westland, Wayne County, Michigan." (Ex. A, ¶2).

In *Worsham v. Disc Power, Inc*., the court dismissed plaintiff's claims under the TCPA and Maryland Telephone Consumer Protect Act ("MDTCPA") where the *pro se* plaintiff represented in federal filings that the number at issue, 410-692-2749 was a law firm's business telephone number. *Id.* at *8. The court found that even if the number could be characterized as "residential" "the number is also used for business, and business numbers are not permitted to be registered on the DNC registry." *Id*. at *10. The court thus noted, "because Worsham has held publicly that the subject phone number is a business phone number, he cannot [sic] register it with the DNC for purposes of avoiding business-to-business calls." *Id.* at *11-12. Accordingly, the court dismissed plaintiff's claims under the TCPA and MDTCPA based on calls to a number on the NDNCR. *Id.* at *12.

In *Shelton v. Target Advance LLC*, No. 18-2070, 2019 U.S.Dist. LEXIS 64713 (E.D.Pa. April 16, 2019), the court found that plaintiff lacked standing to

bring claims based on calls to a number he used for business purposes that he claimed was on the NDNCR stating:

> [B]ecause Plaintiff held the Phone Number out to the world as a business phone number, he could not register it on the National Do Not Call Registry for purposes of avoiding business-to-business calls, such as those giving rise to this action. Thus, Plaintiff has not suffered an injury-in-fact by way of receiving business-to-business robocalls on a phone number he registered on the National Do Not Call Registry, and his claims predicated on § 227(c)(3)(F) are dismissed for a lack of standing. *Id*. at *17-18.

Similarly, in this case Dobronski previously filed verified pleadings admitting that the 2300 number was a business emergency telephone line from at least 2018-2021. As a result, as an emergency business number the 2300 number could not have been registered on the NDNCR continuously since 2003. "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *Ferguson v. Neighborhood Housing Services, Inc*., 780 F.2d 549, 551 (6th Cir. 1986); *citing Brown v. Tennessee Gas Pipeline Co*., 623 F.2d 450, 454 (6th Cir. 1980) (citations omitted).

He therefore lacks standing to assert any claim under TCPA §227(c)(5) based on alleged text messages to 734-641-2300.

### B.     <u>Alternatively, Dobronski does not plausibly state a claim for relief based on the text messages at issue.</u>

Dobronski alleges that the 2300 number is "assigned to a cellular service which is presumptively residential." (Compl., ¶22). He claims he received "at least

three telemarketing text messages" from Defendant. (Compl., ¶24). Plaintiff's Complaint does not plausibly allege a claim under the TCPA based on the alleged text messages.

### 1.  <u>A text message is not a telephone call under the TCPA.</u>

The TCPA provides a private right of action to "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under [Section 227(c)] . . . ." 47 U.S.C. § 227(c)(5) (emphasis supplied). The term "telephone call" under the TCPA is separate and different than the term "text message." *See El Sayed v. Naturopathica Holistic Health, Inc*., No. 8:25-cv-00846-SDM-CPT, 2025 U.S.Dist. LEXIS 209469 (M.D.Fla. Oct. 24, 2025)("The omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'"); *Davis v. CVS Pharm., Inc*., No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366 (N.D.Fla. Aug, 26, 2025)("Congress could reasonably conclude that unwanted telephone calls are more bothersome and intrusive than unwanted text messages, and it could provide broader protections against the former than the latter. Whatever its reasoning, it clearly limited the private right to those receiving 'telephone calls.'"); *Jones v. Blackstone Med. Servs., LLC*, No. Case No. 1:24-cv-01074-JEH-RLH, 2025 U.S.Dist. LEXIS 138371, at *11 (C.D.Ill. July 21, 2025), *appeal filed,* No. 25-2398 (7th Cir. Aug. 12, 2025)( "under

a plain reading, Section 227(c)(5) of the TCPA does not regulate text messages").

The starting point for a matter requiring statutory interpretation "is the language of the statute itself." *Spurr v. Pope*, 936 F.3d 478, 485-86 (6th Cir. 2019). "It is a fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 515 (6th Cir. 2014). Although the FCC has previously interpreted the TCPA to include text messages in contradiction to the plain language,[4] recent authority from the United States Supreme Court has unshackled District Courts to remedy this error. *See Jones*, 2025 U.S.Dist. LEXIS 138371, at *14.

Under *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025) and *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), these FCC Orders, even if applicable to Section 227(c)(5) are no longer binding on this Court. "The *Hobbs Act* does not preclude district courts in enforcement proceedings from independently assessing whether an agency's interpretation of the relevant statute is correct." *McKesson, 606 U.S.* at 152. Accordingly, district courts are "not bound by the FCC's interpretation of the TCPA[,]" "but instead must determine the

---

[4] *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014 at ¶165 (2003); *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1832 at ¶4 (2012); *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961 (2015); *In re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 31 FCC Rcd. 9074, 9092 at ¶40 (2016); *Targeting and Eliminating Unlawful Text Messages*, 88 FR 20800, 20802 at ¶6 (2023) (the "FCC Orders").

1093124\327041376.v1

meaning of the law under ordinary principles of statutory interpretation affording appropriate respect to the agency's interpretation." *Id.* at 155. Accordingly, the *McKesson* court held that the district court is no longer bound by the FCC's Orders interpretating the TCPA. *Id.*

The Court must independently determine for itself whether the FCC's interpretation that a text message is a "telephone call" is correct "under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McKesson*, 606 U.S. at 169.  And under an ordinary, contemporary, common understanding of the term "telephone call" it is something entirely different than a text message.

The Court must look at the ordinary meaning of "telephone call" at the time Congress enacted Section 227(c)(5) in 1991 to interpret the term. *Perrin v. U.S.*, 444 U.S. 37, 42 (1979); *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 227-28 (2014); The TCPA's provision providing a private right of action for a person that receives more than one "telephone call" that violates the statute or its regulations does not include the term text message or even message. And it is a matter of public record that the first text message was not sent until December 3, 1992 when Neil Papworth, a 22-year-old engineer, used a personal computer to send the text message: "Merry Christmas."[5] Accordingly, "text messaging was not an available

---

[5]     *First SMS text message is sent*, This Day in History, HISTORY.COM, https://www.history.com/this-day-in-history/december-3/first-sms-text-message-sent.

technology in 1991, and thus 'telephone call' would not have included text messages or SMS messages" when the TCPA was passed by Congress. *Jones*, 2025 U.S. Dist. LEXIS 138371, at *10. Thus, it was literally impossible for Congress to intend that the term "telephone call" includes text messages. Additionally, even under a current common understanding a "text message" is different than a "telephone call." *Id*.

The Court's inquiry should end here. It should determine that Plaintiff cannot maintain a private right of action under the TCPA for allegedly receiving text messages because they are not "telephone calls." And "[t]he preeminent canon of statutory interpretation requires [the court] to presume that the legislature says in a statute what it means and means in a statute what it says there. Thus, [the] inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). Because Congress could not have intended that the term "telephone call" under TCPA §227(c) to include text messages, Plaintiff's Complaint should be dismissed with prejudice.

The foregoing conclusion is required despite any FCC interpretation to the contrary. While the FCC has a level of expertise regarding forms of communication, the Court should not ignore that the term "telephone call" as used in Section 227(c)(5) quite literally does not mean or include the term text message

and that nowhere does the TCPA define the term "telephone call" to include text messages. "Courts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." *Loper*, 603 U.S. at 403. "And to the extent that Congress and the Executive Branch may disagree with how the courts have performed that job in a particular case, they are of course always free to act by revising the statute." *Id*. If Congress desires to provide a private right of action to a person that receives a text message as opposed to a telephone call, then the statute should be amended. *See El Sayed v. Naturopathica Holistic Health, Inc*., No. 8:25-cv-00846-SDM-CPT, 2025 U.S.Dist. LEXIS 209469 (M.D.Fla. Oct. 24, 2025)("The omission of 'text message' from paragraph 227(c)(5) confirms that the provision applies only to a 'telephone call.'"); *Davis v. CVS Pharm., Inc*., No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366 (N.D.Fla. Aug, 26, 2025)("Congress could reasonably conclude that unwanted telephone calls are more bothersome and intrusive than unwanted text messages, and it could provide broader protections against the former than the latter. Whatever its reasoning, it clearly limited the private right to those receiving 'telephone calls.'").

Congress never intended Section 227(c)(5) to apply to text messages when it passed the TCPA in 1991. Congress subsequently amended the TCPA to include a definition for "text message" in 2018. However, Congress never revised Section

227(c)(5) to include the newly defined term text message. The FCC therefore erred when it attempted to create a claim under Section 227(c)(5) for text messages. Pursuant to *Loper* and *McKesson*, federal agencies such as the FCC do *not* have such authority. Only Congress has such authority.

Based on the foregoing, the TCPA does not provide a private right of action for the receipt of text messages even when the person has registered their telephone on the NDNCR. Accordingly, because the only basis for Plaintiff's private right of action are alleged text messages and not telephone calls, Plaintiff's Complaint must be dismissed with prejudice.

### 2. <u>A cellular telephone subscriber is not a residential telephone subscriber under the TCPA.</u>

The NDNCR was established to prohibit any person or entity from initiating a telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). As stated above, a person that has received more than one "telephone call" in a 12-month period in violation of this provision, may bring a civil action to recover actual monetary loss. 47 U.S.C. § 227(c)(5). In *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14039 (2003) (the "2003 FCC Order"), the FCC stated that it "will presume wireless subscribers who ask to be put on the [DNC Registry] [are] 'residential subscribers.'" Accordingly, pursuant to the 2003 FCC Order, the DNC Registry

1093124\327041376.v1

protections apply to residential and cellular phone numbers. However, this Court post-*McKesson* is not mandated to accept the FCC's Order. And it should not based on an ordinary construction of the term "residential telephone subscriber" and in light of how the TCPA distinguishes residential and cellular telephones.

The FCC's interpretation of the term "residential telephone subscriber" to include cellular telephone subscribers is not authorized by the plain language of the TCPA. Congress authorized the FCC to create a single national database for "residential subscribers" who objected to receiving telephone solicitations. 47 U.S.C. § 227(c)(3). Congress did not authorize the creation of a similar database for wireless or cellular subscribers. *Id.* And importantly, the TCPA distinguishes between "residential" and "cellular" telephone lines. Specifically, the statute includes different provisions that restrict calls made using "an artificial or prerecorded voice" to cellular phone lines in 47 U.S.C. § 227(b)(1)(A)(iii) and to residential telephone lines in § 227(b)(1)(B). Accordingly, Congress knew how to include cellular telephone subscribers within the provision of the TCPA authorizing creation of the NDNCR for residential subscribers only. But it intentionally omitted cellular telephone subscribers from Section 227(c)(3)'s grant of rulemaking authority to the FCC with respect to the NDNCR.

Plaintiff cannot assert a claim under 47 U.S.C. § 227(c)(5) based on alleged text messages sent to his cellular phone number because both the statute and the

17

implementing regulation under 47 C.F.R. § 64.1200(c) restrict calls made to a *residential telephone subscriber*, and does not include calls to a cellular telephone subscriber. The Court must determine that this omission was deliberate in light of the TCPA's distinction between residential and cellular phones. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006) ("[a] familiar principle of statutory construction ... is that a negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute"), *superseded by statute on other grounds*, Pub. L. No. 109-366, § 7, 120 Stat. 2600, 2635-36 (2006) (amending 28 U.S.C. § 2241); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Plaintiff's allegation that he uses his cellular phone for residential and personal purposes is irrelevant because the statutory text distinguishes cellular telephones from residential calls. *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) with 47 U.S.C. § 227(b)(1)(B); Therefore, the Complaint should be dismissed with prejudice because the statutory and regulatory basis for his claim by their plain terms, apply only to a residential telephone, not his cellular telephone.

### C.   <u>There is no private right of action under 47 C.F.R. §64.1601(e)(1)</u>

Count II purports to bring a private right of action pursuant to 227(c)(5) of the TCPA for Defendant's alleged failure to comply with the Caller ID requirements under 47 C.F.R § 64.1601(e)(1).  Federal regulations do not create a private cause of action. Section 227(c)(5) only provides for a private right of action for alleged violations of regulations promulgated under it. 47 C.F.R § 64.1601(e)(1) was not promulgated under Section 227(c).  The FCC was granted rulemaking authority to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object" which rulemaking concluded on October 16, 1992.  *In the Matter of Rules & Reguls. Implementing the Tel. ConsumerProt. Act of 1991*, Report and Order, 7 F.C.C. Rcd. 8752 (1992); *see also* Notice of Proposed Rulemaking, 7 FCC Rcd. 2736, CG Docket No. 92-90 (1992). Section 64.1601(e), on the other hand, was not promulgated until the 2003 FCC Order.  As a result, it could not have been originally intended by Congress to be enforceable through 47 U.S.C. § 227(c).

Thus, although there is disagreement on this issue including within the Eastern District of Michigan, numerous courts have found that Section 64.1601(e)

1093124\327041376.v1

was promulgated under Section 227(d).[6] *See Dobronski v. Juliasangel Mktg., LLC*, 2:24-CV-12379-TGB-APP, 2025 U.S.Dist. LEXIS 182595 (E.D.Mich. Sept. 17, 2025)(collecting cases and stating "[t]he majority of courts have held that §64.1601(e) was promulgated under 47 U.S.C. §227(d), which does not include a private right of action."). While Judge Baker dismissed the claim on alternative grounds, the court stated, "principles of judicial restraint compel this Court to be reluctant in dealing with the thorny question of whether there is a private right of action for alleged violations of §64.1601(e)." *Id.* at 31-32. In other words, given the lack of clarity, the court should be reluctant to find a private right of action. Accordingly, Count II should be dismissed.

WHEREFORE, Defendant Tony Packo's Toledo, LLC respectfully requests that this Court dismiss Plaintiff's claims against it in Plaintiff's Complaint with prejudice.

---

[6] *See Dobronski v. Fam. First Life, LLC*, No. 2:22-CV-12039, 2024 U.S. Dist. LEXIS 27096, (E.D. Mich. Jan. 19, 2024), *report and recommendation adopted in part, rejected in part,* 2024 U.S. Dist. LEXIS 58517 (E.D. Mich. Mar. 29, 2024); *Dobronski v. Tobias & Assocs.*, No. 23-cv-10331, 2023 U.S. Dist. LEXIS 193553, at *7-8 (E.D. Mich. Sept. 25, 2023), *report and recommendation adopted in part* 2024 U.S. Dist. LEXIS 47309, (E.D. Mich. Mar. 18, 2024); *Dobronski v. Transamerica Life Ins. Co*., No. 360506, (Mich. Ct. App. May 25, 2023); *Dobronski v. Total Ins. Brokers LLC*, No. 21-cv-10035, 2021 U.S.Dist.LEXIS 186528 (E.D. Mich. 2021); *Dobronski v. SunPath Ltd*., No. 19-cv-13094, 2020 U.S.Dist. LEXIS 251990 (E.D. Mich. July 27, 2020); *see also Worsham v. Travel Options, Inc.*, JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016), *aff'd* 678 Fed. Appx. 165 (4th Cir. 2017); *Worsham v. Disc. Power, Inc*., Civil Action No. RDB-20-0008, 2021 U.S.Dist. LEXIS 141842, *11 (D.Md. July 29, 2021).

1093124\327041376.v1

Dated: November 19, 2025

Respectfully submitted,

Tony Packo's Toledo, LLC

By: */s/ Jennifer W. Weller*

Ryan J. Koss
Zeth D. Hearld
Starr, Butler, Alexopoulos &
Stoner, PLLC
20700 Civic Center Drive
Suite 290
Southfield, MI 48076
248-554-2700
Email: rkoss@starrbutler.com
zhearld@starrbutler.com

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
151 N. Franklin St. Suite 2500
Chicago, IL 60606
Tel:   312-704-3000
Email:dschultz@hinshawlaw.com
jweller@hinshawlaw.com