50812 SERVICE DATE – JUNE 17, 2021

DO

FR-4915-01-P

SURFACE TRANSPORTATION BOARD

[Docket No. FD 36465]

Transportation Holdings, LLC—Control Exemption—Adrian & Blissfield Rail Road Company, Charlotte Southern Railroad Company, Detroit Connecting Railroad Company, Lapeer Industrial Railroad Company, and Jackson & Lansing Railroad Company

 Transportation Holdings, LLC (Holdings), a noncarrier, filed a verified notice of exemption under 49 C.F.R. § 1180.2(d)(2) for authorization to obtain a controlling interest in Adrian & Blissfield Rail Road Company (A&B), a Class III railroad, and its four subsidiaries, also Class III railroads:  Charlotte Southern Railroad Company (CSRC); Detroit Connecting Railroad Company (DCRC); Lapeer Industrial Railroad Company (LIRC); and Jackson & Lansing Railroad Company (JLRC).[1]

 The verified notice states that Holdings and the shareholders of A&B will enter into an Equity Purchase Agreement by which Holdings will acquire a controlling interest in A&B and, as a result, indirect control of CSRC, DCRC, LIRC, and JLRC.  These five rail carriers own and operate rail lines located entirely within the state of Michigan.  Holdings does not control any other rail carriers.

---

[1] A&B operates a 20-mile rail line between Adrian and Riga, Mich.  CSRC operates a 3.5-mile rail line near Charlotte, Mich.  DCRC operates a 2.5-mile rail line in Detroit, Mich.  LIRC operates a 1.5-mile rail line in LaPeer, Mich.  JLRC operates a 47-mile rail line between Jackson and Lansing, Mich.  See Dobronski—Acquis. of Control—Adrian & Blissfield R.R., FD 35787, slip op. at 2 n.1 (STB served Dec. 12, 2013); (see also Verified Notice of Exemption at Ex. 1).

Docket No. FD 36465

Holdings states that: (1) the lines over which A&B, CSRC, DCRC, LIRC, and JLRC operate do not connect with one another, (2) the proposed transaction is not part of a series of anticipated transactions that would connect the lines with each other; and (3) the transaction does not involve a Class I rail carrier. Therefore, the proposed transaction is exempt from the prior approval requirements of 49 U.S.C. § 11323. See 49 C.F.R. § 1180.2(d)(2).

The earliest this transaction may be consummated is July 1, 2021, the effective date of the exemption (30 days after the verified notice was filed).

Under 49 U.S.C. § 10502(g), the Board may not use its exemption authority to relieve a rail carrier of its statutory obligation to protect the interests of its employees. However, 49 U.S.C. § 11326(c) does not provide for labor protection for transactions under 49 U.S.C. §§ 11324 and 11325 that involve only Class III rail carriers. Because this transaction involves Class III rail carriers only, the Board, under the statute, may not impose labor protective conditions for this transaction.

If the verified notice contains false or misleading information, the exemption is void ab initio. Petitions to revoke the exemption under 49 U.S.C. § 10502(d) may be filed at any time. The filing of a petition to revoke will not automatically stay the effectiveness of the exemption. Petitions to stay must be filed no later than June 24, 2021 (at least seven days before the exemption becomes effective).

All pleadings, referring to Docket No FD 36465, should be filed with the Surface Transportation Board via e-filing on the Board's website. In addition, a copy of each pleading must be served on Holdings' representative, Bradon J. Smith, Fletcher & Sippel LLC, 29 North Wacker Drive, Suite 800, Chicago, IL 60606-3208.

Docket No. FD 36465

According to Holdings, this action is categorically excluded from environmental review under 49 C.F.R. § 1105.6(c) and from historic preservation reporting requirements under 49 C.F.R. § 1105.8(b).

Board decisions and notices are available at www.stb.gov.

Decided:  June 14, 2021.

By the Board, Scott M. Zimmerman, Acting Director, Office of Proceedings.