# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK W. DOBRONSKI, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

TONY PACKO'S TOLEDO, LLC,

    Defendant.

Case No. 2:25-cv-13117

Judge Robert J. White

Magistrate Judge Anthony Patti

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)

Ryan J. Koss
Zeth D. Hearld
Starr, Butler, Alexopoulos & Stoner, PLLC
20700 Civic Center Drive
Suite 290
Southfield, MI 48076
248-554-2700
Email: rkoss@starrbutler.com
zhearld@starrbutler.com

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
151 N. Franklin St. Suite 2500
Chicago, IL 60606
Tel:   312-704-3000
Email:dschultz@hinshawlaw.com
jweller@hinshawlaw.com

# INTRODUCTION

Plaintiff admits that the 2300 number was used by the Adrian & Blissfield Rail Road Company's ("ADBF") police department. Plaintiff also admits the 2300 number was used for business purposes prior to 2022. These admissions establish that the number has not been validly registered on the National Do-Not-Call Registry ("NDNCR") since 2003 because the registry is not for business numbers. Dobronski does not and cannot allege that the 2300 number was a personal number rather than a business number in 2003 because it was associated with a company called Teletech in 2003. Therefore, even if the 2300 number was registered on the NDNCR in 2003 by Dobronski, the registration was a nullity. And Plaintiff has not alleged that he registered the 2300 number on the NDNCR *after* it ceased being used as a business number by ABDF and Teletech. As a result, Plaintiff lacks standing to assert a claim under TCPA §227(c). Alternatively, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6).

# ARGUMENT

**A.   Dobronski lacks standing to bring a claim under 47 U.S.C. §227(c)(5).**

Plaintiff claims that he has standing because the 2300 number is not *currently* a business number. (Pl.'s Opp., p.3). Plaintiff misses the point. The 2300 number was a business number at the time he allegedly registered it on the NDNCR in 2003. Consequently, the registration was a nullity because the

1

NDNCR does not govern business numbers. *See* https://consumer.ftc.gov/national-do-not-call-registry-faqs#what_doesn't_do.

Plaintiff admits the 2300 number was a business phone number prior to 2022. (Dobronski Declaration, ¶7). The 2300 number was associated with ADBF as well as Teletech, Inc. *See* Def's Mot., p.2. Though Defendant raised the fact that both ADBF and Teletech used the 2300 number in its Motion, Plaintiff's Response does not address Teletech. The 2300 number is listed for Teletech as early as 2001 in FCC licensing records and in its 2003 Annual Report. (A copy of Teletech, Inc.'s 2003 Annual Report is attached as Exhibit A; a copy of the FCC licensing records are attached as Exhibit B).

Judge Cleland further noted that the 2300 number was used by both Teletech and ADBF in *Dobronski v. Alarm Mgmt. II, L.L.C*, Case No. 18-11055, 2020 U.S.Dist. LEXIS 215666 (E.D.Mich. Nov. 18, 2020). In that case Dobronski was sanctioned because he alleged that defendant called him on residential telephone numbers (734) 424-1212 and (734) 424-2424, when he admitted in his deposition that the number the defendant actually called was (734) 641-2300. Moreover, the defendant produced audio recordings that indicated that when it called the 2300 number, a woman answered on behalf of ADBF and indicated that the telephone number was for both the Railroad and Teletech. *Id*. at *3.

Plaintiff cites *Shelton v. Pro Source Lending Grp.* LLC, Case No. 24-4394 (E.D.Pa. Mar. 14, 2025), however, there Plaintiff alleged in his Amended Complaint that, "Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2015, more than nine years prior to the calls at issue, and years prior to starting his business or using it in the interim time as a mixed-use number." *Shelton v. Pro Source Lending Grp., LLC*, Case No. 2:24-cv-04394-GAM (E.D.Pa.) at Dkt #12, ¶12. Here there are no such allegations. In 2003 when Dobronski allegedly listed the 2300 number on the NDNCR, it was used by a business or businesses and continued to be used for business purposes until at least 2022. As a result, it was not validly registered on the NDNCR in 2003. *See Worsham v. Disc. Power, Inc.*, No. RDB-20-0008, 2021 U.S.Dist. LEXIS 1931, *11 (D.Md. Jan. 6, 2021)("because Worsham has held publicly that the subject phone number is a business phone number, he cannot register it with the DNC for purposes of avoiding business-to-business calls."). The fact that Dobronski no longer uses the number as a business number is beside the point. Dobronski does not deny that a business telephone number is ineligible for registration on the NDNCR nor does he plead that he registered the number on the NDNCR after it ceased being used by one or more businesses in 2022. He thus did not "regain standing." On the contrary, he never had standing to begin with because he never properly registered the 2300 number on the NDNCR.

### B. Section 227(c)(5) and its implementing regulation does not apply to text messages allegedly sent to Plaintiff's cellular telephone.

This Court must make an independent determination based on the statutory text of 47 U.S.C. §227(c)(5) as to whether the restriction of telephone calls to a residential telephone subscriber includes text messages to a cellular telephone subscriber. *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146 (2025); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024). Plaintiff cannot assert a claim under 47 U.S.C. § 227(c)(5) based on alleged text messages sent to his cellular phone number because both the statute and the implementing regulation under 47 C.F.R. § 64.1200(c) restrict telephone calls made to a residential telephone subscriber, and do not include text messages to a cellular telephone subscriber. A number of statutory canons exemplify why §227(c)(5) does not apply text messages. Text messages did not exist at the time the TCPA was enacted, reasonable people would not have understood a "telephone call" to include text messages at that time and Congress has never amended the TCPA to broaden the scope of §227(c)(5) to apply to text messages. The plain language of § 227(c)(5) only refers to "telephone calls" and it makes no mention of text messages. Congress chose not to use the broader language "telephone solicitation" in 227(c)(5), indicating that "telephone call" is narrower. Moreover Congress amended the TCPA to include definitions for "text message" but did not change "telephone call" in §227(c)(5), indicating that the terms have different meanings.

Statutes must be interpreted "in accord with the ordinary public meaning of its terms at the time of its enactment." *Bostock v. Clayton Cnty, Ga.*, 590 U.S. 644, 654 (2020). "That is the whole point of having written statutes; 'every statute's meaning is fixed at the time of enactment.'" *Loper Bright*, 603 U.S. at 400 (citation omitted). Thus, Plaintiff's attempt to re-write the statute based on new technology not available in 1991 when the TCPA was passed should be rejected. (Pl's Opp., p.14). It is not for the court to update the plain language of the statute because the language used by Congress is outdated. *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 397 (2021)("this Court cannot rewrite the TCPA to update it for modern technology.").

"If the language of the statute is clear, the court applies the statute as written." *Donovan v. Firstcredit, Inc.*, 983 F.3d 246, 253 (6th Cir. 2020). While Plaintiff cites to decisions that he claims reject the recent analyses in *El-Sayed, Davis* and *Jones*,[1] those cases expand on the plain language of 227(c)(5), rather than apply it as written. *See Wilson v. Skopos Financial, LLC*, 2025 U.S.Dist. LEXIS 138638 (D.Or. July 21, 2025)(reasoning that "the FCC has *expanded* the TCPA to apply to text messages")(emphasis added).

47 U.S.C. §227(c)(5) by its plain language only applies to "telephone calls"

---

[1] . *El-Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00846-SDM-CPT, 2025 U.S.Dist. LEXIS 209469 (M.D.Fla. Oct. 24, 2025; *Davis v. CVS Pharm., Inc.*, No. 4:24-cv-477-AW-MAF, 2025 U.S. Dist. LEXIS 167366 (N.D.Fla. Aug, 26, 2025; *Jones v. Blackstone Med. Servs., LLC*, No. Case No. 1:24-cv-01074-JEH-RLH, 2025 U.S.Dist. LEXIS 138371, at *11 (C.D.Ill. July 21, 2025), *appeal filed,* No. 25-2398 (7th Cir. Aug. 12, 2025)

as it states "[a] person who has received more than one telephone call within any 12-month period . . . in violation of the regulations prescribed under this subsection may, . . ." bring a cause of action. Plaintiff contends that the use of the term "telephone call" should be broadened to include a text message. (Pl's Opp. pp.13-15). On the contrary, §227(c) should be enforced and interpreted as it is written. *Feliciano v. Dept. of Trans.*, 605 U.S. 38, 54 (2024)

Moreover, while sections 227(c)(1)-(4) reference "telephone solicitations," the private right of action under §227(c)(5) only exists for "telephone call[s]" to "residential telephone subscribers." *See Nat'l Fed'n of Indep. Bus. V. Sebelius*, 567 U.S. 519 (2012)("Where Congress uses certain language in one part of a statute and different language in another, it is generally presumed that Congress acts intentionally."). The Court cannot disregard that Congress used different and narrower language under §227(c)(5) than elsewhere. *See Bowe v. U.S.*, 2026 U.S. LEXIS 4, *35 (Jan. 9, 2026). Moreover Congress did not amend the language in §227(c)(5) when it amended other parts of the statute. *See El Sayed*, 2025 U.S.Dist. LEXIS 209469, *3. Because the only basis for Plaintiff's private right of action are alleged text messages sent to his cellular telephone, (Compl., ¶22), Plaintiff's Complaint must be dismissed with prejudice.[2]

---

[2] Plaintiff contends that there is an "ambiguity regarding his number being wireless when it was registered on the Do Not Call list" claiming it is no longer assigned to such service. (Pl's Opp., pp.22-23). There is no "ambiguity." Plaintiff alleges "Moreover the telephone line *is assigned to a cellular service* which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered." (Compl., ¶22).

6

### C. There is no private right of action under 47 C.F.R. §64.1601(e)(1)

Federal regulations do not create a private cause of action. Section 227(c)(5) only provides for a private right of action for alleged violations of regulations promulgated under it. Plaintiff acknowledges the split of authority in grappling with the issue of whether there is a private right of action for alleged violations of §64.1601(e)(1), claiming that the most recent cases have found that 47 C.F.R § 64.1601(e)(1) was promulgated under §227(c). (Pl's Opp., p.25). The lack of clarity and absence of an express grant of a private right of action, however, weighs in favor of not finding a private right of action. This is especially so given that §64.1601(e)(1) was promulgated over 10 years *after* §227(c). *See Dobronski v. Juliasangel Mktg., LLC*, 2:24-CV-12379-TGB-APP, 2025 U.S.Dist. LEXIS 182595 (E.D.Mich. Sept. 17, 2025)("principles of judicial restraint compel this Court to be reluctant in dealing with the thorny question of whether there is a private right of action for alleged violations of §64.1601(e)."

WHEREFORE, Defendant Tony Packo's Toledo, LLC respectfully requests that this Court dismiss Plaintiff's claims against it in Plaintiff's Complaint with prejudice.

Dated: January 15, 2026           Respectfully submitted,

                                  Tony Packo's Toledo, LLC

                                  By:  /s/ Jennifer W. Weller

7

| | |
|---|---|
| Ryan J. Koss<br>Zeth D. Hearld<br>Starr, Butler, Alexopoulos &<br>Stoner, PLLC<br>20700 Civic Center Drive<br>Suite 290<br>Southfield, MI 48076<br>248-554-2700<br>Email: rkoss@starrbutler.com<br>zhearld@starrbutler.com | David M. Schultz<br>Jennifer W. Weller<br>Hinshaw & Culbertson LLP<br>151 N. Franklin St. Suite 2500<br>Chicago, IL 60606<br>Tel:   312-704-3000<br>Email:dschultz@hinshawlaw.com<br>jweller@hinshawlaw.com |