## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK W. DOBRONSKI, individually
and on behalf all others
similarly situated,

                                                   CLASS ACTION
                                                   Case No. 2:25-cv-13117-RJW-APP
                                                   District Judge Robert J. White

        Plaintiff,                      Mag. Judge Anthony Patti

v.

TONY PACKO'S TOLEDO, LLC,

        Defendant.

---

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Mark W. Dobronski ("Plaintiff") submits this Notice of Supplemental Authority to advise the Court of several recent decisions relevant to the Court's consideration of Defendant's Motion to Dismiss the Complaint (ECF No. 9). Following Plaintiff's opposition on December 24, 2025, several courts, including the Ninth Circuit Court of Appeals, have held that a text message call *is* a "telephone call" pursuant to Section 227(c)(5) of the TCPA.

First, in *Howard v. Republican National Committee*, 164 F.4th 1119, 1123 (9th Cir. 2026), the Ninth Circuit held that the term "call" in the TCPA includes text messages, even in the absence of *Chevron* deference. A copy of that decision is attached as Exhibit 1.

Second, in *Taha v. Momentive Software, Inc.*, 2026 U.S. Dist. LEXIS 54376 (C.D. Cal. Mar. 11, 2026), the Court held that *Howard's* holding applies to *both* section 227(b) and 227(c) of the TCPA and further that there was no basis to distinguish the meaning of "telephone call" differently than a "call" in holding that text messages are a type of "telephone call" that violate the TCPA. A copy of that decision is attached as Exhibit 2.

Third, in *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-CV-00343, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026), the Court denied a motion to dismiss, reasoning that, though a statute's meaning is fixed at the time of its enactment, that meaning can still embrace technological developments. In support of this proposition, the Court cited a Seventh Circuit case, decided in 1987, which interpreted a Wisconsin statute permitting a farmer to retain "one mower" and "one hay loader" as encompassing a modern "haybine" and "automatic bailing/tying machines." A copy of that decision is attached as Exhibit 3.

Fourth, in *Rabbitt v. Rohrman Midwest Motors, Inc.*, No. 25 C 11312, 2026 WL 851279, (N.D. Ill. Mar. 27, 2026), the Court also denied a motion to dismiss and held that text messages qualify as "telephone calls" under 47 U.S.C. § 227(c)(5) by applying the language of 47 U.S.C. § 227(c)(1). A copy of that decision is attached as Exhibit 4.

2

Fifth, in *Wilson v. Easy Spirit, LLC*, No. 3:25-CV-112 (SFR), 2026 WL 884170 (D. Conn. Mar. 31, 2026), the Court held that text messages qualify as "telephone calls" because this includes attempts to communicate by telephone and that text messages fall within that definition. A copy of that decision is attached as Exhibit 5.

Sixth, in *Rubin v. Staples, Inc.*, No. 2:25-15515 (WJM), 2026 WL 881651 (D.N.J. Mar. 31, 2026), the Court both addressed the use of the term "residential" and rejected the reasoning that a text message call is not a "telephone call." A copy of that decision is attached as Exhibit 6.

Plaintiff respectfully requests that the Court consider these authorities in evaluating Defendant's Motion to Dismiss. In so providing notice, Plaintiff acknowledges that there is a split of authority on this issue and that there are other recent contrary decisions.

Dated: April 2, 2026    PLAINTIFF, on behalf of himself
and others similarly situated,


/s/ *Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

3

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

April 2, 2026

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com