**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARK W. DOBRONSKI, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

TONY PACKO'S TOLEDO, LLC,

        Defendant.

Case No.  2:25-cv-13117

Judge Robert J. White

Magistrate Judge Anthony Patti

---

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Defendant, Tony Packo's Toledo, LLC ("Defendant"), by and through its attorneys, and in support of its argument for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby provides notice of *Steidinger v. Blackstone Med. Servs*., 2026 U.S.App. LEXIS 20613 (7th Cir. 2026) and further states as follows:

Defendant cited to *Jones v. Blackstone Med. Servs., LLC*, Case No. 1:24-cv-01074-JEH-RLH, 2025 U.S.Dist. LEXIS 138371 (C.D.Ill. July 21, 2025) in support of its Motion to Dismiss Plaintiff's Complaint for the proposition that a "telephone call" under Section 227(c)(5) does not include a text message. (ECF, #9, PageID.55-58).  As Defendant noted, *Jones* was appealed to the Seventh Circuit Court of Appeals under Case No. 25-2398,[1] and the Seventh Circuit Court of Appeals recently affirmed the decision on July 14, 2026 in *Steidinger v. Blackstone Med. Servs*., 2026 U.S.App. LEXIS 20613 (7th Cir. 2026). The court stated, "[b]ased on the ordinary public meaning of telephone call at the time of the TCPA's enactment, as well as the context provided by surrounding provisions of §227, we find that texts are not calls, so §227(c)(5) does not

---

[1] Joseph Jones is one of three named plaintiffs in the case. The other two plaintiffs are Seth Steidinger and Natasha Koller.

authorize the plaintiffs' suit." *Id*. at *3. The court examined the statute's text reasoning that "telephone call" under §227(c)(5) "couldn't have been thought to cover text messages when the TCPA was enacted in 1991, because the first text message was not sent until the following year. *Id*. at *4, *citing Blow v. Bijora, Inc*., 191 F. Supp. 3d 780, 786 n.3 (N.D. Ill. 2016). The court further examined what "telephone call" meant in 1991, finding that "a 'telephone call' referred to communication via sound" and that "[t]ext messages do not reproduce sounds, suggesting that they do not qualify as a new application of telephone call within the meaning of that term." *Id.* at *5. The court noted that while other subsections of 227(c) reference "telephone solicitation," "§ 227(c)(5) only creates a private right of action for the receipt of more than one 'telephone call' within a 12-month period" and "doesn't mention telephone messages, nor does it use the more encompassing term, telephone solicitation." *Id*. at *6. As a result the court concluded, "both the overall statutory scheme and the ordinary public meaning of telephone call indicate that § 227(c)(5)'s private right of action does not extend to unwanted text messages." *Id*. at *9. The court rejected plaintiffs' references to decisions by the Supreme Court and other circuits finding that they did not address claims brought under §227(c)(5). *Id*. at *9-10. It also rejected plaintiffs' attempt to invoke the FCC's decision to extend the National Do-Not-Call Registry to text messages noting that the Registry was implemented pursuant to §227(c)(3) rather than §227(c)(5) and thus did not inform its understanding of §227(c)(5) nor was it bound by the FCC's interpretation. *Id.* at *12. The court thus concluded, "Repeated, unwanted text messages are undoubtedly a nuisance. But they do not fall within the private right of action created by § 227(c)(5). Instead, spam messages may be curbed through agency action pursuant to other provisions of §227, which we leave undisturbed." *Id*. at *15.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/*Jennifer Weller*

Jennifer Weller

Ryan J. Koss
Zeth D. Hearld
Starr, Butler, Alexopoulos & Stoner, PLLC
20700 Civic Center Drive, Suite 290
Southfield, MI 48076
248-554-2700
rkoss@starrbutler.com
zhearld@starrbutler.com

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
151 N. Franklin St. Suite 2500
Chicago, IL 60606
Tel:    312-704-3000
dschultz@hinshawlaw.com
jweller@hinshawlaw.com

1093124\328863259.v1